UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Delano Powell, Jr., | Crim. No. 11-369(3) (PAM/FLN) |
| Petitioner, | **AMENDED**[1] |
| v. | **MEMORANDUM AND ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner Joel Delano Powell's Motion to Vacate under 28 U.S.C. § 2255. For the reasons that follow, the Motion is denied.

**BACKGROUND**

On September 6, 2012, after a lengthy trial, a jury convicted Powell of multiple counts of aiding and abetting bank fraud and identity theft. (Docket No. 582.) On July 18, 2013, this Court sentenced Powell to a 276-month term of imprisonment, to be followed by a 24-month term of imprisonment.

Powell appealed, and his appeal was consolidated with the appeals of his co-Defendants. Powell argued that the evidence was insufficient to convict him, that the Court's instructions to the jury were erroneous, and that his sentence was substantively unreasonable. The Eighth Circuit affirmed. United States v. Maxwell, 778 F.3d 719 (8th Cir. 2015). After the Supreme Court denied certiorari (Docket No. 1053), Powell timely filed this § 2255 Motion.

---

[1] The previous Order (Docket No. 1086) did not direct the Clerk's Office to enter judgment. That error is corrected in this Amended Order.

The Motion argues both ineffective assistance of counsel and prosecutorial misconduct. In Ground I, Powell contends that his standby counsel should have intervened during his opening statement and his first witness cross-examination.[2] He also argues that trial and appellate counsel were ineffective "for not finding and concerning these issues strongly." (Pet'r's Supp. Mem. (Docket No. 1074) at 1.) In Grounds II through IV, he contends that the prosecutor (1) impermissibly made inflammatory comments to the jury and attempted to or did introduce inadmissible and inflammatory evidence, (2) mischaracterized the evidence in her closing arguments, and (3) hid, destroyed, or tampered with the evidence, files, or court records, and threatened witnesses.

**DISCUSSION**

To prove ineffective assistance of counsel, Petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

---

[2] Powell proceeded pro se in this case through the second day of trial, when he requested that his standby counsel be appointed to represent him.

2

Powell contends that his counsel's failure to intervene during the first two days of trial, when Powell was representing himself, amount to ineffective assistance. But, as the Government notes, this contention is absurd. Powell's counsel could not participate in the trial because Powell himself insisted on proceeding pro se.[3] Powell is not entitled to relief on this basis.

Nor can he base his ineffective-assistance claim on his contention that his counsel failed somehow to "find" or "concern" unspecified issues at trial and on appeal. He appears to be challenging his counsel's failure to object to the introduction of evidence or comment by the prosecutor, but he again does not specify what counsel should have done differently.

Powell's counsel, once Powell allowed him to participate in the trial, offered a vigorous and exemplary defense on Powell's behalf. In light of the overwhelming evidence of Powell's guilt in this matter, any slight error counsel might have made in failing to object to evidence Powell now believes is improper could not have affected the outcome of the case. He cannot establish that his counsel was in any way constitutionally deficient.

Powell failed to raise his final three grounds in his direct appeal. As the Government notes, his failure to do so is likely fatal to those claims. But even if the Court considered the merits of the claims, Powell is not entitled to relief on any of the grounds he raises. He

---

[3] In his reply memorandum, Powell asks why counsel was present during the first two days of trial if he was prohibited from participating. (Pet'r's Reply Mem. (Docket No. 1084) at 2.) Standby counsel is required to be present in the courtroom for all proceedings in which a criminal defendant is appearing pro se, because as Powell did in this case, the defendant may decide to enlist standby counsel's assistance.

contends that several questions, to which the Court sustained his counsel's objections, were somehow meant to inflame the jury, but the questions to which he points are innocuous at best and irrelevant to his contentions at worst. He has no basis for his argument that the introduction of evidence or statements the prosecutor made were improper in any way, and his Motion on the final three Grounds must likewise be denied.

The Court need not hold an evidentiary hearing on Powell's claims if his allegations, taken as true, entitle him to no relief or if his allegations are contradicted by the record. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). Because Powell's allegations, even if true, do not entitle him to any relief, the Court declines to hold an evidentiary hearing.

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

Powell has failed to establish that his counsel's performance was constitutionally deficient or that there were other errors in his trial that would warrant vacating his sentence. He is not entitled to an evidentiary hearing on his claims, and no certificate of appealability will issue.

Accordingly, **IT IS HEREBY ORDERED** that Powell's Motion to Vacate (Docket No. 1073) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Wednesday, June 15, 2016</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
