UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                         Crim. No. 11-369(3) (PAM)

          Plaintiff,

v.                                                                                    **ORDER**

Joel Delano Powell, Jr.,

          Defendant.

---

This matter is before the Court on Defendant Joel Delano Powell, Jr.'s second "Individual Emergency Application for Reprieve for the Preservation of Public Health and Civil Rights During the COVID-19 Pandemic." (Docket No. 1362.)

On July 15, 2020, the Court denied Powell's first Motion for compassionate release. (Docket No. 1346.) Powell's instant Motion is nearly identical to his earlier Motion, asserting that because he is "an aging black male," "[he] is precisely in the demographics of those most at risk" due to COVID-19. (Docket No. 1334 at 2; Docket No. 1362 at 2.) The Government opposes the Motion, arguing that Powell does not warrant such extraordinary relief. (Docket No. 1366.)

Powell submitted a request for release under the First Step Act to the Warden of FCI Pekin, and it was denied on June 29, 2020.[1] (Docket No. 1369-2 at 2.) Powell has thus

---

[1] Although the Warden's denial predates the Court's July 15, 2020, Order, Powell did not show that he had presented his request to the Bureau of Prisons in his first Motion for compassionate release.

established that he complied with the First Step Act's exhaustion requirements. 18 U.S.C. § 3582(c)(1)(A).

In his Reply, Powell contends that the presence of COVID-19 at FCI Pekin entitles him to immediate release. While is it true that FCI Pekin has confirmed COVID-19 cases among inmates and staff, the presence of the virus in his facility is insufficient to establish Powell's entitlement to the relief he seeks. See COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed December 9, 2020).

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). Powell further argues in his Reply that he should be released because he is overweight, has vision problems, and was treated for mental-health issues in 2013. The Court disagrees. Powell's conditions do not place him at greater risk should he contract COVID-19. See Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated December 1, 2020).

Powell has failed to demonstrate any extraordinary or compelling reasons to warrant his release. Therefore, he is not entitled to the relief he seeks. He has not established any change in circumstance that would warrant the Court reconsidering its previous decision in the matter.

Accordingly, **IT IS HEREBY ORDERED that** Defendant Joel Delano Powell, Jr.'s second Individual Emergency Application for Reprieve for the Preservation of Public Health and Civil Rights During the COVID-19 Pandemic (Docket No. 1362) is **DENIED**.

Dated:  December 10, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge